## ROETTINGER, Admr v GRASER et

Ohio Appeals, 1st Dist, Hamilton Co

No 3942. Decided Dec 7, 1931

Philip Roettinger, Cincinnati, and Mr. Sol Goodman, for plaintiff in error.

Clifford Brown, Cincinnati, and Charles K. Pulse, Cincinnati, for defendant in error.

ROSS, PJ.

The pertinent allegations of the petition are as follows:

"For a cause of action against the defendants, John Graser and Rickey Graser, plaintiff states that on July 14, 1930, the said defendants wrongfully and negligently owned and harbored three dogs, which dogs they knew to be fierce, vicious and dangerous, and defendants knew that the said dogs had theretofore attacked and bitten sundry persons. Plaintiff states that nevertheless the defendants permitted said dogs to be at large.

"Plaintiff states further on said date, to-wit, July 14, 1930, the deceased, Mary Kehrer, called at the residence of the defendants, John Graser and Rickey Graser, and that when so calling, said Mary Kehrer was ferociously and viciously attacked by the dogs as aforesaid."

It is contended by defendants in error that this is an action for nuisance and does not survive the death of the person suffering the injury under the provisions of §11397, GC.

From the earliest time, such an action has been considered an action for negligence.

"In Comyns's Digest, tit. Action upon the case for Negligence (A 5.), it is said that "an action upon the case lies for a neglect in taking care of his cattle, dog, &c.;" and passages were cited from the older authorities, and also from some cases at nisi prius, in which expressions were used showing that, if persons suffered animals to go at large, knowing them to be disposed to do mischief, they were liable in case any mischief actually was done; and it was attempted to be inferred from this that the liability only attached in case they were suffered to go at large or to be otherwise ill secured. But the conclusion to be drawn from an examination of all the authorities appears to us to be this: that a person keeping a mischievous animal with knowledge of its propensities is bound to keep it secure at his peril, and that, if it does mischief, negligence is presumed, without express averment." Vol. IX, Queen's Bench Reports, page 112.

The right to maintain either a suit under the statute or at common law has been definitely settled. In **Lisk, Admr v Hora**,

109 Oh St, 519, in the first paragraph of the syllabus it is stated:

"The right to maintain an action at common law for damages resulting from injuries, which by his negligence the owner of a dog suffers such animal to commit, has not been abrogated by the statute and such suit may be maintained either under the statute or at common law."

The demurrer ought to have been overruled.

The judgment of the Court of Common Pleas will be reversed, and the case remanded with instructions to overrule the demurrer, and for such further proceedings as may be in accordance with law.

HAMILTON and CUSHING, JJ, concur.